**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
─────────────────────────────────

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

              **v.**        **09-CR-203S(Sr)**

**VIVIAN JAMES,**

       **Defendant.**

─────────────────────────────────

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #59.

## PRELIMINARY STATEMENT

The defendant, Vivian James (hereinafter, "defendant" or "James"), along with nineteen others was charged in a twenty-four count Indictment with having violated Title 21, United States Code, Section 846, Title 21, United States Code, Section 963 and Title 21, United States Code, Section 843(b).  Dkt. #1.  The defendant was charged in four separate counts, Counts 1, 2, 7 and 8.  *Id*.

Presently pending before this Court is the defendant's omnibus motion for discovery, various motions to suppress evidence and statements, and a motion to dismiss the Indictment for multiplicity.  Dkt. #155.  The government has filed its response to defendant's omnibus motion for discovery, the motions to suppress

evidence and statements, and the motion to dismiss the Indictment, as well as a motion for reciprocal discovery. Dkt. #236. This Court's Decision and Order and/or Report, Recommendation and Order with respect to defendant's motions to suppress evidence and statements, and the motion to dismiss the Indictment will be addressed and filed separately. What follows is this Court's Decision and Order with respect to the defendant's omnibus motion for discovery.

## DISCUSSION AND ANALYSIS

**Bill of Particulars**

With respect to Count 1 of the Indictment, the defendant seeks the following information: the date the offense was committed; the location where the offense was committed; and, the alleged criminal conduct. Dkt. #155, p.12. With respect to Count 2 of the Indictment, the defendant seeks the following information: the date the offense was committed; the location where the offense was committed, specifically, the port of entry; the alleged criminal conduct; the precise date, time and place when the conspiracy began; the precise date, time and place when the conspiracy ended; the names of all persons alleged to have been part of the conspiracy; for each overt act alleged in the Indictment, the precise date, time and place of the alleged conduct; the action undertaken by James to possess and/or distribute the controlled substances, including dates and location; specify whether or not James actually possessed or constructively possessed the alleged controlled substance; the weight of the controlled substances; specify whether James delivered or

transferred the controlled substances to any person or group of persons; specify whether James consummated any sale of the alleged controlled substance; specify the location where James allegedly possessed the controlled substances; for each overt act, state the substance of the defendant's conduct; and, identify any unindicted co-conspirators. Dkt. #155, pp.12-13.

As a threshold matter, in its response the government maintains that defendant James has failed to offer any specific facts, reasons or legal authority, to justify a finding that further particularization is necessary. Specifically, with respect to defendant James' request for particularization as to the exact drug quantities involved in each of the charges, the government asserts that drug weight is "a typical evidentiary matter not subject to particularization or speculation that particulars will prevent a defendant from experiencing some unfair prejudice or future jeopardy." Dkt. #236, p.8. Moreover, the government argues that with the extensive disclosures and discovery produced by the government and the additional information that defendant James will receive in advance of trial, there is no risk of surprise or future jeopardy absent a bill of particulars. *Id*. Similarly, with respect to defendant James's request for particularization of exact locations where acts in furtherance of the drug conspiracy occurred, the government maintains that that information is an "evidentiary matter not subject to particularization." *Id*. Additionally, the government states that, "[d]efendant[ ] know[s] or will know reasonably in advance of trial, all that [he] need[s] to know to adequately prepare for trial." *Id*.

As noted above, the defendant seeks information as to whether he has been charged with actual or constructive possession of controlled substances, whether he was charged as a principal or an aider and abettor and other facts and information supporting the various legal theories of prosecution. In its response, the government states, that because legal theories and evidentiary matters are not proper subjects for a bill of particulars, that portion of defendant's motion seeking a bill of particulars should be denied. With respect to defendant James' request for a bill of particulars revealing the identity of any unindicted co-conspirators, the government states that defendant James knows the identity of his charged co-conspirators and "will learn more identities as trial preparations continue, to include disclosure of impeachment and so-called 3500 material." Dkt. #236, p.10. The government adds, "[t]he criminal investigation is continuing, and that investigation could be compromised if we were required to identify persons who might be charged or even questioned. The government likely will not object to later requests for disclosure of the identities of unindicted co-conspirators as trial approaches, however." *Id*.

In response to defendant's request for a bill of particulars concerning the development of the conspiracies charged in Counts 1 and 2, the government maintains that it is not required to furnish details concerning the formation of a conspiracy, including when and how it was formed and when a particular defendant joined, because those details need not be proven at trial. Dkt. #236, p.10. With respect to defendant's request for detailed information relating to specific overt acts alleged in furtherance of the conspiracies charged in Counts 1 and 2, the government argues that details such

as the exact time and place of the overt acts and names of persons present are not properly the subject of a bill of particulars. *Id*. at p.11. Moreover, the government states that, "[t]he information in the Indictment, coupled with the discovery materials, which includes transcripts of defendant['s] intercepted conversations, many narrative reports of the investigation, more than adequately inform defendant[ ] of the facts essential to the pending charges." *Id*. at p.12. Finally, in its conclusion concerning defendant's request for a bill of particulars, the government states, "[b]ecause defendant will be provided with full discovery, exculpatory and impeachment material, a witness list, and exhibit lists, including 3500 materials, well in advance of trial, [he] will not be surprised by the evidence against [him] or be subject to future jeopardy in a way that might otherwise justify ordering the particulars sought." *Id*. at p.13.

It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the Indictment, along with the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose. Accordingly, defendant's request for a bill of particulars is denied.

> A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132

(S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d [572] at 574 [(2d Cir. 1987)]. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct. 1690 (2008). Accordingly, for the foregoing reasons, defendant's request for a bill or particulars is denied.


**Discovery**

By this broad request the defendant seeks the disclosure of (a) any oral statement made by the defendant; (b) any written or recorded statements; (c) the defendant's prior criminal history; (d) documents or tangible objects; (e) all physical examinations, mental examinations, scientific reports, tests or experiments; and, (e) a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence and any expert witnesses qualifications. Dkt. #155, pp.13-16. In addition to the foregoing, within his request for discovery, the defendant also seeks the production of other documents relating to the Title III

electronic surveillance, including applications, Orders, ten day reports, and minimization requirements.  *Id*. at p.16.  The defendant also requests the disclosure of photographs and video recordings made in connection with this investigation "derived from the pole camera overlooking Defendant Abbey's business location on Bailey Avenue in the City of Buffalo," as well as, any physical evidence collected or seized in connection with this investigation.  *Id*.  Finally, the defendant seeks the disclosure of "favorable information," including *Jencks* Act and *Giglio* material.  *Id*. at pp.17-20.

### Defendant's Statements - Oral and Written

The defendant requests copies of any written or recorded statements made by him, as well as the substance of any oral statements he made.  Dkt. #155, pp.13-14.  In its response, the government states in pertinent part, "[s]ince the Indictment, the United States has complied, and intends to continue to comply with the requirements of Rule 16.  To that end, the United States has provided comprehensive voluntary discovery, including, but not limited to, defendant's statements ..."  Dkt. #236, p.13.  Based on the representations made by counsel for the government, the defendant's request is denied as moot.

### Defendant's Prior Criminal Record

By this request the defendant is seeking a copy of his prior criminal record.  Dkt. #155, p.14.  The Court notes that the defendant makes a separate request pursuant to Federal Rules of Evidence 403, 404(b) and 609 and that request will be

addressed below.  The government states in footnote three of its response, "[t]he government provided a copy of the criminal history for each defendant when counsel appeared in court on that defendant's behalf."  Dkt. #236, p.14, n.3.  Accordingly, based on the representations made by counsel for the government concerning the defendant's prior criminal record, defendant's request is denied as moot.

**Documents and Tangible Objects**

In this request, the defendant states, "[u]pon request, the government must permit James to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items."  Dkt. #155, p.14.  As noted above, the government maintains that it has and continues to comply with the requirements set forth in Rule 16 of the Federal Rules of Criminal Procedure.  Moreover, the government states,

> the United States has provided comprehensive voluntary discovery, including, but not limited to, defendants' statements, reports, photographs, recordings of court-authorized intercepted communications, criminal records of each defendant to that defendant, transcripts of intercepted communications, laboratory reports, and eyewitness identifications.  As the government identifies any other evidence which falls within the scope of Rule 16, it will provide that evidence to defense counsel, thereby continuing to comply with its disclosure duties in Rule 16(c).  The government has notified defendants that it may introduce all of this evidence at trial.

Dkt. #236, pp.13-14 (internal footnote omitted).  Based on the representations made by counsel for the government, the defendant's request is denied as moot.

**Physical Examinations, Mental Examinations, Scientific Reports**

By this request, the defendant seeks all physical examinations, mental examinations, and scientific tests or experiments, including reports of such examinations, tests or experiments. Dkt. #155, p.15. As noted above, in its response, the government has disclosed laboratory reports to the defendant. Dkt. #236, pp.13-14. With respect to defendant's request for any reports and/or test results, the government states,

> [t]he United States will disclose all materials that are discoverable under Fed.R.Crim.P. Rule 16(a)(1)(F), which are in the possession of the government. The United States has laboratory reports concerning the forensic analysis of seized controlled substances and has complied with Fed.R.Crim.P. Rule 16(a)(1)(G) and Fed.R.Evid. 702, 703, and 705. The government timely will provide the chemists' credentials and methods of analysis, to permit evaluation and cross-examination by defendants, in the event that a defendant declines to stipulate that the controlled substances are as they have been identified during chemical analysis.

Dkt. #236, p.18. Based on the government's representations concerning what has already been disclosed and what will be disclosed and the government's awareness of its ongoing discovery obligations, the defendant's requests are denied as moot.

**Expert Witnesses**

By this request, the defendant requests a written summary of testimony the government intends to use under Rules 702, 703 and/or 705 of the Federal Rules of Evidence, including the witness' opinions, the basis and reasons for these opinions and the witness' qualifications. Dkt. #155, p.15. In its response, the government states,

"the government expects to provide disclosure of the credentials and methods used by the forensic chemists during their analyses and in support of their expert opinions.  The government reserves the right to offer the testimony of other experts, and if the government decides to use such an expert, it will comply with Fed.R.Crim.P. Rule 16(a)(1)(G) and Fed.R.Evid. 702, 703, and 705."  Dkt. #236, p.26.  Accordingly, based on the representations made by counsel for the government, defendant's request is denied as moot.

**Other Documents**

By this request, the defendant seeks all documents relating to the Title III electronic surveillance, including copies of the applications, Orders, ten day reports, and minimization requirements.  Dkt. #155, p.16.  In response to that portion of defendant's request concerning electronic surveillance information, the government states,

> [d]efendants have either been provided, or have had made available to them, the underlying wiretap applications and progress reports, as well as recordings of intercepted calls and transcripts of intercepted calls and text messages.  Any defendant seeking more discovery should be required to demonstrate a genuine need, legal authority, and standing to challenge the wiretap intercepts.

Dkt. #236, p.21.  Accordingly, based on the foregoing and based on the representations made by counsel for the government, defendant's request is denied as moot.

**Photographs/Video Tapes**

By this request, the defendant seeks copies of any photographs made in connection with the case, "including video or still photographs derived from the pole camera overlooking Defendant Abbey's business location on Bailey Avenue in the City of Buffalo." Dkt. #155, p.16. In addition, the defendant seeks the disclosure of any charts, graphs, maps or drawings related to the investigation and prosecution of this matter. *Id*. In its response, the government states, "the United States has provided comprehensive voluntary discovery, including, but not limited to, . . . photographs . . . " Dkt. #236, p.13. Although the government does not specifically respond to that portion of the defendant's request which seeks video or still photographs from a pole camera, the government states elsewhere in its response that "as the government identifies any other evidence which falls within the scope of Rule 16, it will provide that evidence to defense counsel, thereby continuing to comply with its disclosure duties in Rule 16(c)." Dkt. #236, p.14. Accordingly, based on the representations made by counsel for the government, defendant's request is denied as moot.

**Physical Evidence**

This request is in part duplicative of defendant's prior request for the disclosure of documents and tangible evidence. In addition, this request includes any seized correspondence or evidence, the source, date and time of recovery, as well as the authority under which the property was obtained. Dkt. #155, pp.16-17. As noted above, in its response, the government states that it has and continues to comply with

its discovery obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Indeed, the government states that it has provided "comprehensive voluntary discovery, including, but not limited to, defendant[']s[ ] statements, reports, photographs, recordings of court-authorized intercepted communications, criminal records of each defendant to that defendant, transcripts of intercepted communications, laboratory reports, and eyewitness identifications." Dkt. #236, p.14. Moreover, the government advises that to the extent it identifies any other evidence which falls within the scope of Rule 16, it will provide that evidence to defense counsel. *Id*. Based on the representations made by counsel for the government that it has and will continue to comply with its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure, defendant's request is denied as moot.

In addition to the foregoing, the defendant requests that all evidence capable of being destroyed be preserved, including but not limited to any samples used to run any scientific tests and any evidence seized from a third party, notes, reports or logs prepared and transferred between the arresting officers in Albany, New York and the agents performing and executing the search warrants for James' residence and garage. Dkt. #155, p.17. As will be discussed in greater detail below with respect to defendant's request for the preservation of rough notes, the Court refers to the express admonition of the Court of Appeals for the Second Circuit concerning the preservation of Rule 16 or *Jencks* Act statements. *United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d

Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).  Accordingly, the government is hereby directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* Act material in this case.


**Favorable Information**

Within this broad request, the defendant seeks disclosure of the following categories of documents,

> [a]ll material evidence or information, . . . which is in any way favorable to James, whether by detracting from the prosecution's case or the credibility of the prosecution's witnesses, or supportive of the positions urged, or likely to be urged, by James at any stage in the proceedings. . . . James requests the name of any witnesses who made or could make an arguably favorable statement concerning him. . . . James requests disclosure of any statement(s) that may be 'relevant to any possible defense or contention' he might assert. . . . Any information or documentation concerning a misidentification or inability to identity ([sic] (by person, photograph or otherwise) James as a participant in the alleged offenses in the Indictment.  Any information indicating that a perspective [sic] witness gave information inconsistent or materially different from information received from other more reliable sources.  Names, addresses and statements of any persons interviewed by or on behalf of the Government or who are known to have been witnesses to the events underlying the charge, whom the Government does not intend to call as witnesses.

Dkt. #155, pp.17-18.  In addition to the foregoing requests, the defendant also seeks the early disclosure of *Jencks* Act material in connection with this request for "favorable information."  The Court notes that the defendant also makes a separate request for *Jencks* Act material (witness statements).  Accordingly, the defendant's request for the early disclosure of Jencks Act material will be addressed below.

Thus, the Court will treat this request principally as one for *Brady* and

*Giglio* material. In its response the government states,

> [t]he government believes it is complying with its obligations to provide this potentially exculpatory information to defendants. Specifically, we are aware of no evidence that a defendant was operating under duress, as a result of coercion, or under imperfect duress of coercion. . . . As a practice, the government discloses directly exculpatory information as soon as we become aware of it, and are complying with the obligation to disclose exculpatory material to permit defendants to make effective use of the material before trial. To the extent that additional <u>Brady</u> and impeachment material becomes known to the government, we will endeavor to disclose it sufficiently in advance of the proof for the information to be effectively useful to defendants.

Dkt. #236, pp.26-28.


"[A]s a general rule, *Brady* and its progeny do not require immediate

disclosure of all exculpatory and impeachment material upon request by a defendant."

*United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). The prosecution is obligated

to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id.*

at 144. With respect to impeachment material that does not rise to the level of being

*Brady* material, such as *Jencks* statements, the prosecution is not required to disclose

and turn over such statements until after the witness has completed his/her direct

testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d

283 (2d Cir. 1987). However, if the government has adopted a policy of turning such

materials over to the defendant prior to trial, the government shall comply with that

policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government as to its obligations under *Brady* and *Giglio,* the defendant's request is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

The government did not respond to that portion of the defendant's request which seeks the names, addresses and statements of any persons interviewed by or on behalf of the government or who are known to have been witnesses to the events underlying the charge, and whom the Government does not intend to call as witnesses. Notwithstanding his request, the defendant has offered no "particularized showing of need" for same. *See United States v. Hennings,* No. 95-CR-0010A, 1997 WL 714250, at *13. Fed.R.Crim. P. 16 does not require such disclosure, and because there has been no showing of need, the motion is denied. *See id.; United States v. Bejasa,* 904 F.2d 137, 139 (2d Cir.), *cert. denied,* 498 U.S. 921 (1990); *United States v. Johnson,* No. 92-CR-39A, 1994 WL 805243 (W.D.N.Y. May 26, 1995), *aff'd,* 108 F.3d 1370 (1997); *United States v. Pastor,* 419 F. Supp. 1318, 1320 (S.D.N.Y. 1975).

**Wire Tap, Pen Register, Search Warrant Applications**

By this request, the defendant seeks copies of "all applications for visual, electronic or other surveillance, pen registers, search warrants, or any type of seizure of information from the Defendants, other targets or third persons related in any way to the current Indictment or the investigation which lead to the Indictment."  Dkt. #15, p.20.

In response to that portion of defendant's request concerning electronic surveillance information, the government states,

> [d]efendants have either been provided, or have had made available to them, the underlying wiretap applications and progress reports, as well as recordings of intercepted calls and transcripts of intercepted calls and text messages.  Any defendant seeking more discovery should be required to demonstrate a genuine need, legal authority, and standing to challenge the wiretap intercepts.

Dkt. #236, p.21.  Moreover, based on the other forms of relief sought by other defendants, this Court concludes that copies of the search warrant and search warrant application, including the affidavit of Special Agent Dombek have previously been provided to counsel.  Accordingly, based on the foregoing and based on the representations made by counsel for the government, defendant's request is denied as moot.

**Rule 404(b), 608 and 609 Material**

By this request, the defendant "respectfully requests that the Government notify him of any evidence that the Government contends would be admissible under

Rule 404(b) of the Federal Rules of Evidence." Dkt. #155, p.21. In addition, the

defendant also requests pretrial disclosure of any other evidence, including misconduct

and convictions, the government intends to use to impeach the defendant's credibility

should he choose to testify. *Id*. at pp.21-22. In its response, the government states

that,

> [t]he government expects to timely disclose evidence that might fall within the ambit of Fed.R.Evid. 404(b), 608(d) and 609. The government intends to seek to introduce at trial evidence of this activity, as well as similar activity. ... In this case, defendants have not advanced any concrete reason for early disclosure of Rule 404(b) evidence and, therefore, their request should be denied, without prejudice. The government will disclose evidence in its possession that might fall within Fed.R.Evid. 404(b), 607, 608 and 609, and provide notice of its intention to rely upon such evidence when ordered to do so by the trial court. Specifically, at this time, the government is unaware of any evidence within the ambit of Fed.R.Evid. 609, which could be used at trial to impeach the credibility of defendants upon cross-examination. With respect to the disclosure of evidence which falls within Fed.R.Evid. 608, the government notes that it has no obligation to provide a defendant with any information that could be used to impeach him pursuant to Rule 608, should he elect to testify. Furthermore, the government preliminarily notifies defendants that it intends to introduce at trial, pursuant to Rule 404(b), all prior criminal conduct acts or wrongs to show proof of a defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and the absence of mistake or accident. ... The government will provide defendants with more definitive notice of its intent to rely on Rule 404(b) evidence when directed to do so by the trial judge, or during trial, if pretrial notice is excused for good cause.

Dkt. #236, pp.24-25.

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial." (Emphasis added). Insofar as the government has indicated that it intends to comply with any pretrial disclosure order entered by the trial judge and further, that it understands its disclosure obligations, defendant's request is denied as moot. The Court notes that the issue of admissibility of such evidence pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial. Accordingly, the defendant's request for an Order with respect to admissibility of such evidence is denied.

With respect to the defendant's request pursuant to Rule 608, Rule 608 does not contain the same pretrial notice as set forth in Rule 404(b). Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time. Therefore, defendant's request in this regard is denied. With respect to the defendant's request pursuant to Rule 609, based on the representations made by counsel for the government, defendant's request is denied as moot. The government is hereby reminded that should the government learn of evidence of other crimes, wrongs and acts it intends to offer pursuant to Federal Rules of Evidence Rules 608 and 609 (impeachment material) during the trial, the government is hereby directed to provide such information consistent with its disclosure of *Jencks* material and the disclosure requirements set by the trial judge in advance of the trial.

**Preservation of Rough Notes and Request for *In Camera* Review**

By this request, the defendant seeks an Order from this Court requiring all government agents and officers who participated in this investigation to retain and preserve all rough or handwritten notes taken as part of their investigation, regardless of whether or not the contents of the notes are incorporated in official records. Dkt. #155, p.22. In its response, the government states,

> [t]he United States has no objection to the request that government agents retain notes taken during the investigation of this case. As a matter of routine practice, all federal law enforcement agencies already do so; and the prosecutor will request the agents to retain their notes relevant to this investigation. However, we note that defendant's request covers material that may not be <u>Jencks</u> material and may exceed the United States' obligation under Title 18, United States Code, Section 3500 and Fed. R. Crim. P. 26.2. The retention of notes of agents is not required as long as the notes are subsequently incorporated into a final report. Moreover, even if retained, rough notes are not discoverable, even as <u>Jencks</u> Act material.

Dkt. #236, p.33.

Although perhaps unnecessary, based on the representations made by counsel for the government concerning its acknowledgment of its obligation and its agreement to instruct the agents to retain and preserve rough notes, the express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the

> mandate of the law.  Where, as here, destruction is
> deliberate, sanctions will normally follow, irrespective of the
> perpetrator's motivation, unless the government can bear
> the heavy burden of demonstrating that no prejudice
> resulted to the defendant. . . .  We emphatically second the
> district court's observation that any resulting costs in the
> form of added shelf space will be more than
> counterbalanced both by gains in the fairness of trials and
> also by the shielding of sound prosecutions from
> unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928

(1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980);

*United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821

(1976).  Accordingly, the government is hereby directed to maintain and preserve all

materials that are known by the government to exist, that constitute potential *Jencks*

material in this case.


**Disclosure of Witness Statements**

By this request, the defendant seeks the early disclosure of witness

statements pursuant to Title 18, United States Code, Section 3500.  Dkt. #155, pp.23-

24.   Specifically, the defendant requests the disclosure of witness statements no later

than thirty (30) days prior to trial.  In its response, the government states,

> [t]he United States opposes defendant['s] request for
> immediate disclosure of Jencks Act material, and will comply
> in this case with our practice and that of the trial court to
> disclose witness statements before trial.  That practice
> should be followed because defendants have failed to make
> any showing of good cause for the extraordinary, expedited
> relief sought. . . . Nonetheless, the government agrees to
> provide witness statements required by Title 18, United
> States Code, Section 3500, at the time set by the trial court

> according to its usual practice.  However, the government
> reserves the right to withhold witness statements until a
> witness has completed direct testimony where production of
> that statement before trial would expose the witness to
> retaliation or endanger the witness or his/her family.

Dkt. #236, pp.28-29.


 As noted above, with respect to impeachment material that does not rise

to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not

required to disclose and turn over such statements until after the witness has

completed his or her direct testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has

adopted a policy of turning such materials over to the defendant prior to trial, the

government shall comply with that policy; or in the alternative, produce such materials

in accordance with the scheduling order to be issued by the trial judge.


Based on the representations made by counsel for the government, that it

will comply with the trial judge's pretrial order concerning the disclosure of witnesses'

statements, the defendant's request is denied.  Notwithstanding the foregoing, the

government is hereby directed to comply with the Second Circuit Court of Appeals'

holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials

to the defendant.

**Joinder of Motions of the Co-Defendants**

   The defendant seeks to join in any motion filed by any of his co-defendants. Dkt. #155, p.28.  This request is granted with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in the motion in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Reservation of Rights**

   By this request, the defendant, "reserves the right to make further and additional motions for relief upon good cause . . . " Dkt. #155, p.28.  The defendant's request is granted insofar as any further and additional motions may be filed only to the extent that they may be necessitated by due process of law, by the Court's ruling on the relief sought herein, by additional discovery provided by the government or investigation made by the defense, and/or by any information provided by the government in response to the defendant's demands.

**Government's Request for Reciprocal Discovery**

   In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery.  Dkt. #236, p.94.  The government has requested that the defendant permit it to inspect and copy all books, papers, documents, photographs and other tangible objects which the defendant intends to introduce as evidence-in-chief at the trial.  In addition, the government seeks to inspect

all reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant along with written summaries of expert witness testimony that the defendant intends to use at trial.  Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order  in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  <u>**Failure to file objections within the specified time or to request an extension of such time**</u>

**waives the right to appeal the District Judge's Order**. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:     Buffalo, New York
              June 25, 2010

                                 *s/ H. Kenneth Schroeder, Jr.*
                                **H. KENNETH SCHROEDER, JR.**
                                **United States Magistrate Judge**